

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

July 31, 1953

Hon. C. H. Cavness
State Auditor
Capitol Station
Austin, Texas

Opinion No. S-80

Re: Legality of the Railroad Com-
mission's contracting for the
compilation of machine records
data from an appropriation for
the acquisition of machine ac-
counting equipment.

Dear Mr. Cavness;

    In your letter requesting an opinion of this office, you have re-
ferred to Items 132 and 133 of the appropriation for the Railroad Com-
mission of Texas for the 1953-55 biennium (Ch. 81, Acts 53rd Leg., 1953,
p. 127, at p. 286), which read as follows:

|  | "For the Years Ending | |
|---|---|---|
|  | August 31, 1954 | August 31, 1955 |
|  | $ | $ |
| "132. There is hereby appropriated out of the Oil and Gas Enforcement Fund the amounts of . . . . . . . . . . . . . . for the acquisition by rental or purchase of machine accounting and reproducing equipment and the supplies, salaries and contingent expense required for the installation and operating thereof; and any unexpended balance at the close of the fiscal year ending August 31st, 1954, is hereby reappropriated for the fiscal year beginning September 1st, 1954; provided, however, that the machine and equipment installations and operating techniques shall be made subject to the approval of the Legislative Audit Committee. | 140,000 | 100,000 |
| "133. For the same purposes and subject to the same restrictions as set out in item No. 132 above, there is also appropriated from revenues derived by the Oil and Gas Division from the sale of reproduced material the amounts of . . . . . . . . . . | 10,000 | 30,000" |

You have asked the following question:

"Instead of making the machine and equipment installations, or perhaps part of such installations, contemplated in the above Items No. 132 and 133, could the Railroad Commission pay, out of the appropriations provided therein, a fee or fees under a contract which might be entered into with a commercial concern which would prepare certain of the oil and gas records, reports, and other data required?"

Money appropriated by the Legislature cannot be spent for any purpose other than that for which it is appropriated. And where the Legislature has prescribed the method of expenditure, that method must be followed. It is true that the over-all purpose of the appropriations in Items 132 and 133 is to allow the compilation of certain records and reports, and if the Legislature had merely provided a sum of money for this general purpose the Railroad Commission would have had a discretion in selecting the method by which this purpose was to be accomplished. But here the Legislature has specified the method of expenditure by designating the specific purposes for which the appropriations are to be spent: it is to be by acquisition of equipment and supplies, and by payment of salaries and contingent expense required for the installation and operation thereof. It is evident that the Legislature intended for the work to be done on equipment and by employees under the direct control of the Railroad Commission. A contract for the performance of these services through an independent contractor would not be in compliance with these requirements.

Therefore, it is our opinion that no part of these appropriations may be used for paying fees to an independent contractor under a contract for the performance of any of these services.

## SUMMARY

An appropriation to a State department for the acquisition of machine accounting and reproducing equipment and the expenses for installation and operating thereof may not be used to pay an independent contractor for the preparation of the records, reports, and other data for which the equipment was intended to be used.

APPROVED:

David B. Irons
Administrative Assistant

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Mary K. Wall
Mary K. Wall
Assistant